IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-27-FL-1
NO. 4:12-CV-236-FL

| | | |
|---|---|---|
| DAIMEN DEMALL PURVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 56), and the government's motion to dismiss (DE #59), to which petitioner has responded. In this posture, the matter is ripe for ruling. For the reasons stated below, the court denies petitioner's motion and grants the government's motion.

## BACKGROUND

On April 16, 2010, the government filed an indictment charging petitioner with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On July 29, 2010, pursuant to a written plea agreement, petitioner pleaded guilty to the charge in the indictment. On November 1, 2010, the United States Probation Office submitted a presentence report (PSR) calculating an advisory guideline imprisonment range of 37 to 46 months, based upon a total offense level of 17 and a criminal history category IV. On November 12, 2010, this court sentenced petitioner to 72 months imprisonment, departing upward from the guidelines range. In judgment and statement of reasons entered same date, the court noted that it departed from the advisory guideline due to inadequacy of criminal history, pursuant to U.S.S.G. § 4A1.3 and aggravating

circumstances, pursuant to U.S.S.G. § 5K2.0. The court explained in its statement of reasons that the court departed upwardly under these provisions noting "due to numerous felony convictions that were not scored, the defendant was considered a violent felon when he possessed a firearm." (Statement of Reasons at 2).

On direct appeal petitioner argued that his sentence was "procedurally unreasonable because the district court failed to adequately address his arguments that his history and characteristics called for a within-Guidelines sentence and failed to adequately explain the deviation from the Guideline range." United States v. Purvis, 440 F. App'x 195, 197 (4th Cir. 2011). Purvis also argued that his sentence was "substantively unreasonable" because the statutory sentencing factors did not support the variance. Id. at 199. The Fourth Circuit rejected both arguments and affirmed Purvis' conviction and sentence. The court held that "[u]nder the circumstances, we are satisfied that the district court carefully considered the parties' arguments, conducted an individualized assessment of Purvis' circumstances, and adequately explained its decision to impose a higher sentence pursuant to the" statutory factors. Id. at 198.

Petitioner now moves for a reduction in his sentence on grounds that the PSR incorrectly calculated his criminal history points. See 2255 Motion, Ex. A. He claims his criminal history points should have been reduced from nine to four, resulting in a sentencing guidelines range of 30 to 37 months. See id. at 3. Petitioner claims he erroneously received three criminal history points from a juvenile conviction for burglary imposed when he was sixteen years old, and two criminal history points from two offenses for driving while license revoked. Id. at 2-3.

The government moves to dismiss on two grounds. First, as to petitioner's claim that he erroneously received criminal history points from convictions as a juvenile, the government

2

contends that no criminal history points were counted for any conviction of petitioner as a juvenile. Mot. to Dismiss at 2. Second, as to petitioner's claim that the offenses for driving while license revoked should not have been counted, the government argues that petitioner has procedurally defaulted in his claim. Id. at 2-4.

Petitioner responds by attaching portions of the PSR showing that criminal history points were applied for a felony burglary conviction imposed when petitioner was sixteen years old, and for two convictions for driving while license revoked. See Resp. at 2; Ex.1 (PSR pp. 5 & 7). He argues that he has cause for his procedural default due to ineffective assistance of appellate counsel, and prejudice due to misapplication of the guidelines range. Id. at 3-4.

## COURT'S DISCUSSION

### I. Standard of Review

A petitioner may obtain relief from his sentence under 28 U.S.C. § 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999). However, "the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." Id. at 495-96. "Barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279,

3

283-84 (4th Cir. 1999). "[T]he burden of proof is on petitioner to establish his claim by a preponderance of the evidence." <u>Toribio-Ascencio v. United States</u>, 7:05-CR-00097-FL, 2010 WL 4484447 *1 (E.D.N.C. Oct. 25, 2010).

**II. Analysis**

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." <u>Mikalajunas</u>, 186 F.3d at 492-93 (4th Cir.1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." <u>Id.</u> at 493. To establish prejudice, petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

Here petitioner did not raise any objection to the PSR calculation of criminal history points on direct appeal. Accordingly, petitioner must establish cause and prejudice or a miscarriage of justice to overcome the procedural default. <u>Mikalajunas</u>, 106 F.3d at 492-93. As set forth below, the court need not reach the question of whether petitioner has established cause for his procedural default, because petitioner has failed to establish prejudice.

As an initial matter, petitioner has failed to establish prejudice because he has not demonstrated any error in the guidelines calculation. Petitioner first contends that the PSR improperly calculated three criminal history points for his felony conviction for second degree

4

burglary, when he was sixteen years old. (See Resp., Ex. 1 at 1). Petitioner points out that he pled guilty, and received 12 months custody, but was released after approximately six months custody. He also points out that the offense occurred more than five years prior to the instant offense of conviction. Thus, he argues, U.S.S.G. § 4A1.2 does not allow counting criminal history points for this conviction.

The sentencing guidelines, however provide for imposition of 3 criminal history points for offenses committed prior to age eighteen "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.2(d)(1) (2010).[1] Contrary to petitioner's argument, the fact that the offense occurred more than five years prior to the instant offense is a factor only if the sentence does not exceed one year. Id. § 4A1.2(d)(2). Further, the term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed, Id. § 4A1.2(b)(1), not counting any period in which the sentence is "suspended." Id. § 4A1.2(b)(2). Here, according to the PSR page submitted by petitioner, the state court imposed a maximum sentence of 15 months custody, and petitioner's sentence was not suspended. See Resp., Ex. 1 at 1, ¶9. Further, petitioner provides no evidence he was sentenced as a juvenile. See id. Accordingly, the PSR properly applied § 4A1.2 and added 3 criminal history points for this conviction, pursuant to § 4A1.2(d)(1).

Petitioner next contends that the PSR improperly counted two convictions for driving while license revoked, because he did not receive in excess of 60 days custody. Under § 4A1.2(c), however, a sentence in excess 60 days is not required. Rather, the guidelines provide that a criminal history point may be counted for each such offense where "the sentence was a term of probation of

---

[1] All citations to the sentencing guidelines are to the 2010 version, applicable at time of sentencing.

5

more than one year." § 4A1.2(c). Here, according to the PSR page submitted by petitioner, petitioner received two years probation for each of his two offenses for driving while license revoked. (Resp., Ex. 1 at 2, ¶¶ 16-17). Accordingly, the PSR properly added 1 criminal history point for each offense. See U.S.S.G. §§ 4A1.1(c) & 4A1.2(c)(1).

Moreover, in light of the reasons for upward departure imposed at sentencing, any errors in calculating criminal history points did not work to petitioner's "actual and substantial disadvantage," or result in a "miscarriage of justice" in this case. Mikalajunas, 186 F.3d at 492-93; Frady, 456 U.S. at 170. Indeed, the court upwardly departed from the guidelines range precisely because it determined that the criminal history points calculated in the guidelines range did not adequately reflect petitioner's status as a violent felon when he possessed a firearm. See Judgment, Statement of Reasons at 2. As the Fourth Circuit cogently summarized in its opinion, this determination was both procedurally and substantively reasonable, in light of the circumstances of this case:

> As noted by the district court, the Guidelines range for Purvis' conviction for being a felon in possession of a firearm did not fully reflect the violent circumstances of the offense of conviction, particularly that Purvis lured his victim to his home, pointed a loaded firearm at him, and discharged the firearm while the victim was attempting to flee. Also, the incident was the latest in an extensive list of prior convictions spanning more than a decade—most notably Purvis' conviction for assault on three police officers in January 2003, when he was 20 years old; his conviction for assault on his wife inflicting serious injury in December 2003, when he was 21 years old; and his conviction for resisting a police officer and communicating threats in August 2007, when he was 25 years old. Under the circumstances, we give due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence of 72 months' imprisonment.

United States v. Purvis, 440 F. App'x 195, 199 (4th Cir. 2011) (internal citations omitted). All of these considerations serve again to demonstrate that any alleged error in the calculation of criminal history points in the PSR did not work to petitioner's "actual and substantial disadvantage," or result

6

in a "miscarriage of justice" in this case. Mikalajunas, 186 F.3d at 492-93; Frady, 456 U.S. at 170. Rather, the totality of the circumstances of the case demonstrate that a sentence of 72 months imprisonment was warranted under the statutory factors, and petitioner has presented no reason in his petition to alter the prior reasoned judgment of the court.

In sum, petitioner has failed to establish cause for his procedural default, and has failed to establish any other basis for correction of his sentence. Accordingly, petitioner's § 2255 motion must be dismissed.

### III. Certificate of Appealability

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After reviewing the claims presented in the § 2255 motion in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

7

## CONCLUSION

Based on the foregoing, the government's motion to dismiss (DE #59), is GRANTED, and petitioner's § 2255 motion (DE # 56) is DISMISSED WITH PREJUDICE. Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 5th day of December, 2012.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

8